H. HERBERT, Appellee, v. ADELAIDE C. LLOYD and EDITH A. LLOYD, Appellants.

W. F. LEINBAUGH, Appellee, v. ADELAIDE C. LLOYD and EDITH A. LLOYD, Appellants.

**Mechanics' liens:** FORECLOSURE: BURDEN OF PROOF: REVIEW. In seeking to foreclose a builder's lien for work, plaintiff contending that defendants were to supply material and he to do the work at a stipulated price per hour, and defendants denying the alleged agreement and contending that plaintiff was to furnish the material and do the work for a lump sum, the burden was upon the defendants to establish the special contract pleaded by them; and the evidence upon defendant's plea being in direct conflict the trial court's finding that it is not supported by a preponderance of the evidence is not disturbed on appeal.

**Same.** On the other hand the burden was upon the plaintiff to establish his contention of the contract and having failed to prove the alleged compensation or the reasonable value of his services, and it being shown that he did the work for which he was entitled to compensation on some basis, the cause is remanded for the purpose of ascertaining the same.

*Appeal from Johnson District Court.*— HON. O. A. BYINGTON, Judge.

TUESDAY, JUNE 9, 1908.

REHEARING DENIED, TUESDAY, SEPTEMBER 29, 1908.

THE plaintiff Herbert is a carpenter and builder, who

made repairs upon a building owned by defendants, and brings an action in equity to foreclose a lien for the value of such services. W. F. Leinbaugh brings separate action against defendants to enforce his claim to a lien for materials alleged to have been furnished for the repairs above-mentioned. The two cases were consolidated for trial, and the district court disposed of both issues in a single decree, finding for the plaintiff upon both claims in suit. The defendants have appealed from the decree, and all the questions raised will be disposed of in one opinion.—*Affirmed in part, and* reversed *in part.*

*Baker, Ball & Ball,* for appellants.

*Holbert & Kimball,* for appellees.

WEAVER, J.— The controversy between the plaintiff Herbert and the defendants turns almost entirely upon the question whether he agreed to furnish the materials and make the repairs for a stated sum, or whether defendants were to furnish the materials and pay the plaintiff for his labor. In his petition plaintiff sets up an oral contract by which defendants were to supply the materials, and he was to take charge of the work, and to receive therefor thirty-five cents per hour for his own time and the reasonable or usual profit on the labor of others whom he might employ to work with him for the defendants. The defendants deny the alleged contract, and say that plaintiff undertook to supply the materials and do the work for $900, which agreed price was afterwards increased to $1,200 on account of certain changes in the plan of improvement. They also admit their indebtedness to plaintiff for certain extra work done to the extent of $58.95.

I.   The question of fact thus presented is not easy of solution. The burden is on the defendants to establish the special contract pleaded by them, and after some hesitation

we reach the conclusion that the trial court was correct in finding that this defense has not been sustained by the required preponderance of evidence. The two defendants and a sister unite in unequivocally denying the contract as stated by the plaintiff, and in testifying to an agreement as pleaded in their answer. There is also some circumstantial corroboration of their story. On the other hand, the plaintiff as positively denies agreeing to make the repairs for a fixed or stated sum, and in this respect he is corroborated by one or two workmen who claim to have heard part of the negotiation. It is to be said also that some of the conduct and statements of the defendants with reference to the work during its progress and concerning bills for materials used in the building are more consistent with plaintiff's theory of the agreement than their own. Therefore we are constrained to hold that the decree appealed from should not be disturbed in this respect. In so deciding we must not be understood as finding that either party has acted otherwise than in good faith. Plaintiff concedes that in talking with the defendants before the work was determined upon, and also at a later date when some change or increase was being considered, he was asked by defendants as to the aggregate cost of the improvements, and that he estimated it at about the figures testified to by them, and it is not at all incredible that defendants understood the estimate to be an offer when it was not so intended by him. If such was the case, there was no meeting of minds and no express contract.

On the other hand, the burden is on the plaintiff to establish the contract declared upon in his petition. He has shown that he did the work at the instance and request of defendants, but in other respects there is a singular lack of proof. He alleges in his petition an express contract by which defendants were to pay him at the rate of thirty-five cents per hour, together with a profit on the wages of his assistants, but there is not

*1. MECHANICS' LIENS: foreclosure: burden of proof: review.*

*2. SAME.*

a word of testimony in the entire record in support of this allegation. Nor is there any testimony that the matter of wages or manner of their payment was ever discussed between the parties. Moreover, if it be granted that under the issues as joined and tried in the court below plaintiff would still be entitled to recover on a *quantum meruit,* it is to be added that there is not a word of evidence as to the reasonable value of the services performed by him. If this were a mere variance between pleading and proof, we should be disposed to ignore merely technical objections and affirm the district court, but it is rather a failure of proof. The plaintiff was certainly not entitled to a royalty on the work done by others, or on the materials furnished by the defendants, or upon their credit, and charged as a lien upon their property, unless there was some agreement therefor, and this there is no attempt to show. Nor was he entitled to recover thirty-five cents an hour in the absence of any agreement to that effect, or proof that said price represented its reasonable value. He did testify to the reasonableness of his expenses for the wages of others, but nowhere by himself or other witnesses reveals the value of his own. This part of the decree cannot therefore be upheld, and as it would be inequitable to deprive plaintiff of fair payment for his services and expenditures, and as the record is too barren of testimony to enable this court to ascertain the same, said issue will be remanded to the trial court for further proceedings in harmony with this opinion.

II. It is not seriously disputed that the claim of the plaintiff Leinbaugh represents the reasonable value of the materials furnished by him and used in the repairing of said buildings; and it follows from what we have already said that the lien therefor was properly established, and may be enforced.

The decree appealed from in this respect will be affirmed.

The costs of the appeal will be taxed one-half to the

plaintiff Herbert, and one-half to the defendants.—*Affirmed* in part, and *reversed* in part.